UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNIE K. ELLISON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   16-CV-3209 |
| ANDRE ANDERSON, et al. | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from the Western Illinois Correctional Center, along with a petition to proceed in forma pauperis. Plaintiff cannot proceed in forma pauperis unless he is "under imminent danger of serious physical injury" because he has accumulated at least three "strikes" under 28 U.S.C. § 1915(g). 28 U.S.C. § 1915(g).

Plaintiff alleges that he told staff that his roommate, inmate Anderson, was threatening Plaintiff, but staff told Plaintiff he would have to refuse housing and go to segregation to get away from inmate Anderson. On June 24, 2016, Plaintiff awoke to discover

inmate Anderson's hands either on or moving away from Plaintiff's penis.  Plaintiff reported the incident, and his attachments reflect that Plaintiff and Anderson were separated and Plaintiff's allegations were referred for investigation and as a claim under the Prison Rape Elimination Act, 42 U.S.C. §15601, *et seq*.  Plaintiff alleges that Defendant Maggson, the investigator, has accused Plaintiff of lying and has threatened disciplinary action and a potential criminal case against Plaintiff for lying.  After Plaintiff reported the incident, he was celled with an inmate named Allen, whom Plaintiff alleges is unsanitary, "coughing over everything, not washing hands after sitting down, compulsive, impulsive behavior." (Compl. p. 3.)  Plaintiff alleges in his motion for a temporary restraining order that he is on the same unit as an inmate "Fry" but Plaintiff does not say why Fry poses a threat to Plaintiff.  Plaintiff asks in his motion for a temporary restraining order to be placed in protective custody.  Plaintiff also seems to be challenging the refusal to approve him for work release or to transfer him to Dixon Correctional Center.  The attachments to the Complaint reflect that Plaintiff was submitted for a transfer to Dixon on July 15, 2016. (Compl. p. 19.)

Plaintiff's allegations do not allow a plausible inference that he is in "imminent danger of serious physical harm" as required to allow him to proceed in forma pauperis. Imminent harm means that the harm is occurring or the threat that the harm will occur soon is "real and proximate." Heimbermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)(affirming district court's conclusion that past imminent danger does not satisfy 28 U.S.C. § 1915(g))("The 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.'")(quoted cite omitted). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." Ciarpaglini v. Saini, 351 F.3d 328, 330 (7th Cir. 2003); *see also* Moore v. Tobiaz, 2013 WL 1741949 (W.D. Wis.)(not reported in F.Supp.2d)("To the extent that Moore claims that officials have failed to protect him from harm in the past, those allegations do not demonstrate that there is imminent danger of serious physical harm.")

If Plaintiff were still being celled with inmate Anderson, that would be an imminent danger, but Plaintiff has a different cellmate now and Plaintiff has been put in for a transfer to Dixon

Correctional Center.  No plausible inference arises on the present allegations that inmate Anderson or inmates Allen or Fry pose a current risk of any physical harm to Plaintiff.  The rest of Plaintiff's allegations are disagreements with officials' decisions that also do not implicate any imminent threat of physical harm to Plaintiff.

Plaintiff's petition to proceed in forma pauperis will be denied because Plaintiff's allegations do not allow a plausible inference that he is in any imminent danger.  This case will be closed, but Plaintiff may move to reopen the case in 30 days if he believes he can make truthful allegations which allow an inference that he is currently in imminent danger of serious physical harm.

**IT IS ORDERED:**

1)   Plaintiff's petition to proceed in forma pauperis is revoked (3) because Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g) and no plausible inference arises that he is under imminent danger of serious physical harm.

2)   The 7/25/16 text order assessing an initial partial filing fee is vacated.

3) This case is dismissed without prejudice to, by September 30, 2016, filing a motion to reopen with the $400 filing fee or filing a motion to reconsider if Plaintiff can make truthful allegations which allow an inference that he is currently in imminent danger of serious physical harm.

4) Plaintiff's pending motions are denied without prejudice to renewing if the case is reopened.

ENTERED:   August 8, 2016

FOR THE COURT:

___s/Sue E. Myerscough___
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
